E-FILED
Tuesday, 26 February, 2008  04:54:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD LEE CLEMMONS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-1221 |
| EDDIE JONES, | ) |
| Respondent. | ) |

# ORDER

This matter now is before the Court on Petitioner Edward Lee Clemmons's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and the Respondent's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#9] is GRANTED, the Amended Petition [#5] is DISMISSED FOR LACK OF JURISDICTION, and the Petition [#1] is MOOT as it duplicates the Amended Petition.

## BACKGROUND

On August 15, 1984, in the District Court of Wyandotte County, Kansas, a jury convicted Clemmons of first degree murder, aggravated robbery, attempted first degree murder, and unlawful possession of a firearm. The state trial court sentenced Clemmons to life, fifteen years to life, fifteen years to life, and three to ten years, respectively.

Clemmons filed his first federal petition for writ of habeas corpus in 1990 in the United States District Court for the District of Kansas. *See Clemmons v. Davies*, 198 F. App'x 763 (10th Cir. 2006). He raised four claims in that petition: (1) his conviction was based on evidence obtained in an unlawful arrest and identification process; (2) he was

denied effective assistance of counsel; (3) he was denied the right to compulsory service to obtain the testimony of witnesses favorable to the defense; and (4) he was denied the right to equal protection. The district court denied the petition, and his appeal of that denial was dismissed for failure to prosecute. More than ten years later, Clemmons moved the district court to reconsider its denial because he had new evidence showing that his conviction was invalid. This motion was denied after the court construed the request as a second or successive petition.

In 1995, Clemmons was transferred from the custody of the Kansas Department of Corrections to the Illinois Department of Corrections pursuant to the Interstate Corrections Compact agreement.

In 2002, Clemmons filed a petition for writ of habeas corpus in Kansas state court arguing: (1) he had newly-discovered evidence that his initial arrest was without probable cause; and (2) he was denied the right to represent himself at trial. The Kansas state court summarily denied this petition because Kansas law does not permit courts to entertain second or successive petitions. The Kansas appellate court affirmed this denial, and the Kansas Supreme Court denied review.

In April 2007, Clemmons filed a petition for writ of habeas corpus in Illinois state court arguing: (1) Illinois exceeded its "agent jurisdiction"; (2) he is entitled to discharge because Kansas relinquished jurisdiction over him; (3) the transfer of prisoners between Illinois and Kansas is unconstitutional; (4) Illinois lacks jurisdiction to confine him; (5) the Illinois Department of Corrections lacks jurisdiction to confine him; and (6) he is subjected to "black hole" confinement in Illinois. The state court dismissed this petition because Clemmons failed to pay the $5.87 filing fee.

The instant Amended Petition pursuant to 28 U.S.C. § 2254 raises four claims: (1) the interstate compact between Kansas and Illinois is unconstitutional because it prevents Clemmons from exercising his right to access the courts in both Kansas and Illinois; (2) his custody in Illinois violates his First Amendment right to seek redress of grievances because his cannot file a state habeas petition in either Kansas or Illinois state court; (3) his extradition from Missouri to Kansas to stand trial was preceded by an unconstitutional arrest; and (4) he is entitled to immediate release from the Illinois Department of Corrections because his confinement is "the fruit of the Missouri poisonous tree and unlawful extradition." Am. Pet. at 5-6E.

Respondent filed a Motion to Dismiss, arguing that the Court lacks jurisdiction because this Petition is a second or successive petition. Alternatively, Respondent argues that the first two claims of the Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief because these claims are not cognizable on habeas relief. The matter is fully briefed, and this Order follows.

## DISCUSSION

A.    This Court lacks jurisdiction over second or successive petitions.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 limits the Court's ability to review second or successive petitions arising under 28 U.S.C. § 2254. The current statute states in relevant part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b).

Because Clemmons previously mounted a collateral attack on his 1984 conviction, the instant petition is successive. As stated above, § 2244(b)(3)(A) requires the petitioner to obtain an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition. Here, Clemmons failed to obtain an order from the Court of Appeals for the Seventh Circuit authorizing this Court to consider his petition. Accordingly, this Court may not consider Clemmons's petition until he obtains such an order from the Court of Appeals, and his petition in its entirety is dismissed for lack of jurisdiction.

   B. <u>Claims 1 and 2 are not cognizable in a habeas petition.</u>

Clemmons raises two claims purportedly challenging the conditions of his confinement in the Illinois Department of Corrections rather than his 1984 conviction.

These claims could be brought independently of the challenges to his conviction. Essentially, Clemmons contends that his custody in Illinois denies his constitutional right to access the courts.

Constitutional challenges by state prisoners to transfers between prisons, administrative segregation, exclusion from prison programs, or suspension of privileges should be brought under 42 U.S.C. § 1983 rather than as collateral relief. *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). Because the Prisoner Litigation Reform Act (PLRA) and the AEDPA have "different procedural requirements and difference potential consequences," improperly filed habeas petitions should be dismissed. *Moran*, 218 F.3d at 651.

Because Clemmons challenges his transfer between prisons, habeas relief is not the appropriate vehicle for his challenge. Although Clemmons is free to bring his claims under §1983, the Court notes that Clemmons's challenge is similar to that addressed in *Pischke*, 178 F.3d 497 (7th Cir. 1999). To the extent that Clemmons is challenging only his place of confinement, the Seventh Circuit warned that this type of action is frivolous. *Pischke*, 178 F.3d at 500. "A prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." *Id.*

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss [#9] is GRANTED, the Amended Petition [#5] is DISMISSED FOR LACK OF JURISDICTION, and the Petition [#1] is MOOT as it duplicates the Amended Petition.

- 6 -

ENTERED this 26th day of February, 2008.

                                              <u>/s/ Michael M. Mihm</u>  
                                              Michael M. Mihm  
                                              United States District Judge