UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EDWARD LEE CLEMMONS,            )
                                )
        Petitioner,              )
                                )
v.                               )   Case No. 07-1221
                                )
EDDIE JONES,                     )
                                )
        Respondent.              )

## ORDER

Before the Court is Petitioner Edward Lee Clemmons's Motion for Relief from Void Order and Judgment [#17] pursuant to Federal Rule of Civil Procedure 60(b).

On August 23, 2007, Clemmons filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging that: (1) the interstate compact between Kansas and Illinois is unconstitutional because it prevents Clemmons from exercising his right to access the courts in both Kansas and Illinois; (2) his custody in Illinois violates his First Amendment right to seek redress of grievances because he cannot file a state habeas petition in either Kansas or Illinois state court; (3) his extradition from Missouri to Kansas to stand trial was preceded by an unconstitutional arrest; and (4) he is entitled to immediate release from the Illinois Department of Corrections because his confinement is "the fruit of the Missouri poisonous tree and unlawful extradition." Am. Pet. at 5-6E. After the petition was fully briefed, the Court dismissed the Petition for lack of jurisdiction to review second or successive petitions because two of Clemmons's

claims collaterally attack his 1984 state court conviction. The Court also found that a habeas petition is not the appropriate procedure for presenting his first two claims because constitutional challenges by state prisoners to transfers between prisons, administrative segregation, exclusion from prison programs, or suspension of privileges should be brought under 42 U.S.C. § 1983 rather than in petitions seeking collateral relief. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999).

Clemmons filed this Motion urging the Court to reconsider its Order. Generally, Rule 60(b) motions in habeas actions are considered to be second or successive habeas petitions that the district court lacks jurisdiction to entertain. 28 U.S.C. § 2244(b)(3); *Curry v. United States*, 507 F.3d 603, 604-05 (7th Cir. 2007). However, a Rule 60(b) motion is not a second or successive petition if the motion confines itself only to a nonmerits aspect of the first habeas proceeding or challenges the jurisdiction of the district court. *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S. Ct. 2641 (2005); *Arrieta v. Battaglia*, 461 F.3d 861, 864 n.2 (7th Cir. 2006).

A petitioner seeking relief under Rule 60(b)(4) must demonstrate that "the judgment is void." Fed. R. Civ. P. 60(b)(4). Clemmons invokes this section, but he presents no argument that the Court lacked jurisdiction or acted in a manner inconsistent with due process of law. *See Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir. 2002) (Rule 60(b) intended for judgments outside jurisdiction of court); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000) ("A judgment is void for the purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it

acted in a manner inconsistent with due process of law."). Petitioner appears to argue merely that the Court's judgment was erroneous, but this does not entitle him to relief from the judgment. *See O'Rourke Bros. Inc. v. Nesbutt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000) ("A void judgment is not synonymous with an erroneous judgment. Even gross errors do not render a judgment void.").

A petitioner seeking relief under Rule 60(b)(6) must show extraordinary circumstances to justify reopening a final judgment. *Gonzalez*, 545 U.S. at 535, 125 S. Ct. 2641; *Arrieta*, 461 F.3d at 864 (holding that "such circumstances will rarely occur in the habeas context"). Rule 60(b)(6) is not a substitute for a timely appeal, and generally the "ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *see also West v. Schneiter*, 485 F.3d 393, (7th Cir. 2007) ("Litigants who want to test the correctness of a district court's decision must appeal immediately."). Clemmons's contention that this Court erred by declining to "convert" his petition to a petition pursuant to 28 U.S.C. § 2241 and dismissing his petition for lack of jurisdiction could be resolved by appealing the Court's Order. Therefore, Clemmons is not entitled to relief under Rule 60(b)(6).

Because Clemmons presents no arguments justifying relief from the Court's Order dismissing his Petition, the Motion for Relief from Void Order and Judgment [#17] is DENIED.

ENTERED this 29th day of April, 2008.

/s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge